IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| Donna Noble, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-cv-23 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | Class Action |
| Defendant. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Donna Noble, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

## PARTIES

3. Plaintiff, Donna Noble ("Noble"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly owed for a Providian Bank credit card.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability

company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant Asset operates a nationwide defaulted collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon directly, or through other collection agencies. Defendant Asset's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Asset is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Tennessee Secretary of State, see, attached Exhibit A. In fact, Defendant conducts substantial business in Tennessee.

7. Defendant Asset is licensed as a debt collection agency in the State of Tennessee, see, record from the Tennessee Department of Commerce & Insurance Administration, see, attached Exhibit B. In fact, Defendant acts as a collection agency in Tennessee.

## FACTUAL ALLEGATIONS

8. More than 6 years ago, Ms. Noble allegedly did not pay a debt she owed to Providian Bank. Sometime after that debt became defaulted, Defendant Asset began attempting to collect the debt. On May 1, 2017, Asset sent Ms. Noble a form collection

letter regarding payment of the Providian Bank debt. The letter made a "**DISCOUNTED OFFER**" to settle the debt and claimed that payment would result in the issuance of a "paid account letter". The letter then belatedly stated:

* * *

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

* * *

A copy of this collection letter is attached as Exhibit C.

9. Defendant's letter, however, failed to state that Providian Bank could not also sue on the debt, and that Providian Bank could not also make a credit report about the debt; moreover, by stating that Asset "will not" sue or credit report, rather than it "cannot" sue or credit report, the letter implied that Asset still had the option to take those actions, and that it was simply choosing not to do so.

10. In fact, no one could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely six years after the cause of action accrued, see, Tennessee Code Annotated, §28-3-109(a)(3).

11. In fact, there is no "discount" to be realized in paying a time-barred debt, nor is there any benefit for the issuance of a "paid account letter".

12. Defendant Asset's failure to disclose that no one could sue to collect. or credit report, the debt is material. This lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendant, that the debt needed to be settled and/or would result in the alleged discount.

13. Defendant's collection actions complained of herein occurred within one

3

Case 3:18-cv-00023-DCP   Document 1   Filed 01/18/18   Page 3 of 9   PageID #: 3

year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18. Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that Providian Bank would not sue on the debt; b) it did not foreclose the possibility that Providian Bank could credit report the debt; and c) it failed to foreclose that Asset could not legally sue or credit report the debt, rather than that Asset had

4

simply chosen not to do so. Moreover, there was no discount to be had and no benefit in the "paid account letter".

19. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Defendant's materially false or misleading statements concerning the Providian Bank debt would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported, or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, in violation of § 1692e of the FDCPA.

20. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-14.

22. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23. Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that Providian Bank would not sue on the debt; b) it did not foreclose the possibility that Providian could credit report the debt; c) it failed to foreclose that Asset

could not legally sue or credit report the debt, not that Asset had simply chosen not to do so; and d) wrongly made it look like there was some discount or benefit to paying the debt.

24. These statements constitute the use of materially unfair or unconscionable means to collect a debt, which would lead any consumer to believe that they had to pay this debt to avoid being sued and/or being credit reported, or to obtain the alleged discount or benefit, in violation of § 1692f of the FDCPA.

25. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

26. Plaintiff, Donna Noble, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee from whom Defendant attempted to collect a delinquent, time-barred consumer debt (i.e., where the date of last payment/statement is more than six years from the date of the letter), via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

27. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Noble, in its attempts to collect delinquent consumer debts from other consumers.

28. The Class consists of more than 35 persons from whom Defendant

6

Case 3:18-cv-00023-DCP   Document 1   Filed 01/18/18   Page 6 of 9   PageID #: 6

attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Noble.

29. Plaintiff Noble's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

31. Plaintiff Noble will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Noble has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Donna Noble, individually and on behalf of all others similarly situated,

prays that this Court:

1.   Certify this action as a class action;

2.   Appoint Plaintiff Noble as Class Representative of the Class, and her attorneys as Class Counsel;

3.   Find that Defendant's form collection letter violates the FDCPA;

4.   Enter judgment in favor of Plaintiff Noble and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Donna Noble, individually and on behalf of all others similarly situated, demands trial by jury.

> Donna Noble, individually and on
> behalf of all others similarly situated,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated:  January 18, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson   (TN Bar No. 018397)
Heather Banks       (TN Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com